**SO ORDERED.**

**SIGNED this 15 day of February, 2011.**



_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

Not designated for on-line use or print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>AL MUEHLBERGER CONCRETE CONSTRUCTION, INC.,<br><br>        DEBTOR. | CASE NO. 09-24206<br>CHAPTER 11 |
| AL MUEHLBERGER CONCRETE CONSTRUCTION, INC.,<br><br>        PLAINTIFF,<br><br>v.<br><br>MAX RIEKE & BROTHERS, INC.,<br><br>        DEFENDANT. | ADV. NO. 10-6048 |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This adversary case arises out of a 2004 construction contract between Debtor Al Muehlberger Concrete Construction, Inc. (hereafter "AMCCI"), as subcontractor, and Max Rieke & Brothers, Inc. (hereafter "Rieke"), as prime contractor, for the construction of Coon Creek Lake, Dam, and Spillway Project for the City of Lenexa. In the Complaint, AMCCI contends that it has not been paid in full under the subcontract and seeks turnover of the amounts alleged to be due under 11 U.S.C. § 542. AMCCI has moved for summary judgment on Count I for turnover of $15,000 retainage allegedly being wrongfully withheld by Rieke. For the reasons stated below, the Court finds there are material facts in controversy and denies the motion.

**UNCONTROVERTED AND CONTROVERTED FACTS AND POSITIONS OF THE PARTIES.**

The following facts are uncontroverted. In 2004, RIEKE, as the general contractor, entered into an agreement with the City of Lenexa (hereafter the "Prime Contract") for the construction of the Coon Creek Lake, Dam, and Spillway Project (hereafter the "Project"). RIEKE entered in to a Subcontract Agreement (hereafter the "Subcontract") for a portion of the Project.

On October 5, 2007, after AMCCI contends it completed its work under the Subcontract, AMCCI filed suit against Rieke in state court. Debtor sought to recover progress payments which it alleged were due and owing; there was no claim relating to retainage. The litigation was resolved through a Settlement Agreement and Stipulation

2

for Dismissal, filed on or about June 6, 2008. In addition to providing for the payment of approximately $37,313.72 by Rieke to Debtor, the parties agreed as follows:

> 2. Except as provided in paragraph 3 below, payment of the Settlement Amount by RIEKE [sic], and acceptance of it by plaintiff, constitutes a full settlement of all claims by and between plaintiff and Rieke, one against the other, arising from business transacted between them prior to the date of this Agreement, including matters that were alleged, or could have been alleged, in the pleadings in this case.
>
> 3. This Agreement does not release or compromise, in any manner, the right of plaintiff against defendants to receive payment from Rieke of the remaining retainage due plaintiff under its subcontract with Rieke relating to the Coon Creek Dam and Spillway Project. Rieke acknowledges that plaintiff will be entitled to payment of such retainage upon payment of such retainage by the City of Lenexa, Kansas.

The lawsuit was dismissed on June 6, 2008.

At the time of the Settlement Agreement, the construction project had not been closed, and the City of Lenexa still owed retainage, $58,028.14 of which was attributable to the Subcontract. After receipt of the retainage by RIEKE, apparently in 2008 or later, RIEKE paid AMCCI $43,028.14 and withheld $15,000 of the total retainage amount attributable to the AMCCI subcontract. It is this $15,000 which AMCCI claims is due and owing and seeks to recover in Count I of the Complaint.

AMCCI moves for partial summary judgment based upon the foregoing facts, claiming that under the terms of the Settlement Agreement, which is alleged to be clear and unambiguous as to AMCCI's right to the full retainage attributable to the

3

Subcontract, it is entitled to the $15, 000 as a matter of law. RIEKE responds that there are material facts in controversy.

RIEKE controverts the construction of the Settlement Agreement urged by AMCCI and also controverts AMCCI's claim that it is due $15,000 additional retainage. By affidavit, RIEKE submits that when the state court litigation was settled by the payment of $37,313.72 to AMCCI, there was no agreement other than the amount to be paid to AMCCI and that "the only reason that retainage was mentioned in the Settlement Agreement was so that it was understood that while the $37,313.82 was being paid to Al Muehlberger to settle the law suit, that there was still money that may be owed to Al Muehlberger and that the $37,313.82 was not a payment in full for the entire project." The affidavit also includes an explanation, based upon the Subcontract, as to why $15,000 is due RIEKE from AMCCI and why the $15,000 was properly set off from the amount of retainage paid AMCCI. According to the affidavit, shortly after the state court suit was dismissed, the City of Lenexa presented Rieke with a punch list of items that needed to be completed before the City would release the remaining retainage, the city rejected AMCCI's proposal for performing the work, and, after notice to AMCCI, RIEKE hired a third party to complete the work. The $15,000 represents the approximate cost to the RIEKE for this work.

RIEKE claims that it properly setoff the $15,000 cost of the punch list work against the retainage otherwise owed to AMCCI under the following portion of the General Provisions of the Subcontract:

4

> 1. Upon the occurrence of any one or more of the following events and upon the continuance thereof for a period of three days following written notice thereof given by the Contractor to the Subcontractor, the Contractor may, . . ., complete the work called for by this Subcontract and/or remedy such defect of material or workmanship, . . . and may charge to the Subcontractor the entire cost thereof , . . ..
> C. The Subcontractor shall fail to immediately remedy any defect of material or workmanship furnished by the Subcontractor when and as required by the Contractor, . . ..

**ANALYSIS.**

The basis for AMCCI's motion for partial summary judgment is the position it is entitled to the $15,000 retainage under the terms of the Settlement Agreement, even if there are issues of fact as to AMCCI's ultimate responsibility for the cost of the warranty work. It is AMCCI's position that the Settlement Agreement unambiguously requires distribution of the entire retainage attributable to its Subcontract. The Court disagrees.

The Settlement Agreement paragraph addressing the retainage is ambiguous. The first sentence merely states that as of the date of the Settlement Agreement, which was June 2008 before the punch list issue apparently arose, that there was no present compromise about retainage "due plaintiff under its subcontract." The second sentence states RIEKE acknowledges that AMCCI is due "such retainage." However, "such retainage" "due plaintiff under its subcontract" could, as argued by AMCCI, refer to the entire amount of retainage attributable to the Subcontract or it could mean, as contended by Rieke, the amount of retainage due after offset in accord with the General Provisions of the Subcontract.

5

The affidavit of Leon RIEKE shows there are issues of material fact concerning the intent of the parties when authorizing their counsel to sign the Settlement Agreement. RIEKE contends the paragraph on which AMCCI relies was merely an acknowledgment that the retainage was not included in the amount paid pursuant to the settlement. The circumstances of the first litigation would indicate that this is a distinct possibility, since the retainage was not a factor in that litigation.

In addition , it appears there are issues of fact as to whether RIEKE or AMCCI are ultimately responsible for the $15,000 cost of third party punch list work. RIEKE contends that approximately $15,000 in expenses were incurred to remedy defects in the work under the AMCCI Subcontract. AMCCI appears to contend that its work under the Subcontract was completed long before the third party work was completed.

**CONCLUSION.**

For the foregoing reasons, the Court denies AMCCI's motion for partial summary judgment.

**IT IS SO ORDERED.**

###